**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| R. PEACHER, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No. 1:11-cv-601-SEB-DKL |
| | ) |
| ALAN FINNAN and KEITH BUTTS, | ) |
| | ) |
| Defendants. | ) |

**Entry Discussing Motion for Summary Judgment**

Robert Peacher filed an amended complaint in this action on June 14, 2011, against defendants Finnan and Keith Butts–the former and current superintendents of Pendleton Correctional Facility (PCF). The claims understood to be raised in the amended complaint were clarified in the Entry of July 5, 2011. Peacher alleges he suffers from severe pain from hair growing on his face that can only be remedied by using electric hair clippers. He alleges he was permitted to use such hair clippers when he was housed at other DOC facilities but that the defendants have denied him access to his hair clippers while he has been housed at the PCF in violation of his Eighth Amendment rights. Peacher alleges that the defendants are denying him the use of the clippers in retaliation for his pending lawsuits, in violation of the First Amendment. Peacher seeks injunctive relief from Superintendent Butts in his official capacity.[1] He seeks money damages from both Superintendent Butts and former Superintendent Finnan in their individual capacities. The amended complaint is brought pursuant to 42 U.S.C. § 1983.

For the reasons explained below, the defendants' motion for summary judgment [83] is **denied** without prejudice.

---

1 The defendants argue that defendant Butts is entitled to sovereign immunity on all claims for money damages in his official capacity. Peacher does not seek money damages from Superintendent Butts in his official capacity and thus this argument is irrelevant and disregarded as such. Because Peacher alleges an ongoing violation of federal law (the denial of his First and Eighth Amendment rights) and seeks injunctive relief properly characterized as prospective, Peacher may name individual state officials in their official capacities as defendants in the lawsuit for injunctive relief. *Indiana Protection and Advocacy Services v. Indiana Family and Social Services Admin.*, 603 F.3d 365, 371-372 (7th Cir. 2010) (J. Hamilton)(holding that the Eleventh Amendment does not bar plaintiff's request for injunctive relief against the named state officials in their official capacity).

**Summary Judgment Standard**

"As stated by the Supreme Court, summary judgment is not a disfavored procedural shortcut, but rather is an integral part of the federal rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action." *Harney v. Speedway SuperAmerica, LLC*, 526 F.3d 1099, 1103 (7th Cir. 2008) (citations omitted). The motion for summary judgment in this civil rights action, as with any such motion, must be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The moving party bears "the initial responsibility of informing the district court of the basis for its motion," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), and must demonstrate that no genuine issue of material fact exists for trial. *Id.* at 322. However, the moving party is not required to negate those portions of the nonmoving party's claim on which the nonmoving party bears the burden of proof. *Id.* at 323. Once the moving party demonstrates that there is no genuine issue of material fact, the nonmoving party bears the burden of demonstrating that such a genuine issue of material fact exists. See *Harney,* 526 F.3d at 1104 (citing cases). "If the nonmoving party fails to establish the existence of an element essential to his case, one on which he would bear the burden of proof at trial, summary judgment must be granted to the moving party." *Ortiz v. John O. Butler Co.*, 94 F.3d 1121, 1124 (7th Cir. 1996), *cert. denied*, 519 U.S. 1115 (1997).

**Material Facts**

*Superintendent Alan Finnan*

Defendant Alan Finnan was the Superintendent of PCF from August 2009 until June 2011. As Superintendent of PCF, Finnan was responsible for the operational oversight of the facility, including security, facility maintenance, industries, offender classification, re-entry programming, budget, human resources, and contract services for medical services, food services, and education. Superintendent Finnan is not a medical doctor. Correctional Medical Services provides medical care to the offenders at PCF.

*Superintendent Keith Butts*

Defendant Keith Butts was the Superintendent of PCF from June 6, 2011, to the present. As Superintendent of PCF, Butts is responsible for directing and managing all security and program operations at the facility. He is responsible for the operational oversight of the facility, including security, facility maintenance, industries, offender classification, re-entry programming, budget, human resources, and contract services for medical services, food services, and education.

Superintendent Butts is not a medical doctor. In his capacity as Superintendent of PCF, Butts relies on the expertise of Corizon Healthcare Services to provide medical care to the offenders at PCF.

## Discussion

The defendants seek summary judgment as to the Eighth Amendment and injunctive relief claims. They also seek judgment in their favor on the basis of qualified immunity. Each of the defendants' arguments is addressed below.

### Eighth Amendment

The Eighth Amendment "safeguards the prisoner against a lack of medical care that may result in pain and suffering which no one suggests would serve any penological purpose . . . [and] prison officials violate the Constitution if they are deliberately indifferent to prisoners' serious medical needs*." Kress v. CCA of Tennessee, LLC,* 2012 WL 4039764, *2 (7th Cir. September 14, 2012) (*quoting Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 828 (7th Cir. 2009)). In order for an inmate to state a claim under ' 1983 for medical mistreatment or denial of medical care, the prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). Deliberate indifference exists only when an official "knows of and disregards an excessive risk to an inmate's health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994) (construing *Estelle*).

The defendants' motion for summary judgment as to the Eighth Amendment claim must be denied because the record on summary judgment reflects material facts in dispute relevant to this claim including the following:

- o Whether the defendants had personal conversations with Peacher in which they were notified and made aware that Peacher was in severe pain because of hair growing on his face and the denial of his electric shaver.

- o Whether the pain caused by Peacher's facial hair is sufficiently severe to be considered a serious medical need requiring treatment. (Evidence reflects that medicine may have been prescribed to Peacher for his pain).

- o Whether medical personnel prescribed the use of an electric shaver and/or whether the use of an electric shaver is necessary to treat Peacher's condition or relieve his pain.

- o Whether prisoners are allowed to possess electric shavers and whether prohibiting Peacher from possessing his electric shaver interfered with the treatment decisions of medical providers.

### Qualified Immunity

The defendants' request for summary judgment on the basis of qualified immunity is denied. The issue of qualified immunity is a question of law for the Court, but issues of fact relevant to determining whether qualified immunity applies are questions for the jury. Summary judgment is not appropriate if there is a genuine factual dispute relating to whether the defendants committed acts that allegedly violated clearly established rights. For the reasons explained above there are genuine disputes of material fact which must be resolved by the factfinder before the court can properly make the ultimate legal determination of whether the defense of qualified immunity is available.

### Injunctive Relief

Peacher seeks a permanent injunction to effectuate the delivery of his electric hair clippers to him and enjoining defendant Butts or his agents from removing the hair clippers from Peacher's possession in the future. The defendants seek summary judgment on this claim. The defendants' argument in favor of summary judgment **will not be considered at this time**. The reason for this ruling is that the facts with citations to the evidence relied upon is provided in a response to another motion filed on September 1, 2011; they are not included in the defendants' "Statement of Material Facts Not in Dispute" as required by Local Rule 56-1(a). Given this procedural error it is not clear that Peacher (who was *pro se* at the time he filed his response to the motion for summary judgment) could be expected to understand the need to specifically dispute the facts relied upon. In addition, the court should not be expected to take the time necessary to cross reference the defendants' arguments.

### Conclusion

For the reasons explained above, the defendants' motion for summary judgment [83] is **denied**. The court notes that the defendants did not consider the plaintiff's retaliation claim in their briefing. This claim should not be overlooked as this case proceeds.

The plaintiff is now represented by counsel. The magistrate judge is requested to hold a conference to address the further development of this action.

**IT IS SO ORDERED.**

Date: ___09/28/2012___

*[signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Magistrate Judge LaRue